The opinion of the court was delivered on the original hearing by Maer, J., and on the rehearing by Spencer, J.
Marr, J.
Mrs. Richardson pledged to Mann, Fischer & Co., as collateral, two notes secured by mortgage on the “Island Plantation.” On the 4th February, 1875, it was agreed between her and Moses Mann, of Mann, Fischer & Co., then in liquidation, that Mann should “ proceed in a summary manner, by the 25th January, 1876, to collect the notes held as collateral, or, if he should not do so, he obligates himself to pay to Mrs. Richardson the difference between the sum total of her indebtedness to Mann, Fischer & Co. and to Mann individually and the notes held as collateral, it being optional with Mann to proceed to the summary collection before the 25th January,' 1876, should he so desire.”’
On the 24th January, 1876, Mann, Fischer & Co. obtained an order of seizure and sale on the mortgage notes ; but their attorney apprehended that the evidence on which that order was granted was not sufficient, because he had offered a copy of a copy of the mortgage; and, as soon as he procured from New Orleans a properly authenticated copy of the original, he submitted that, with the other authentic evidence, and the judge ran his pen through the figure “24,” in the order, and wrote in the line above •“ thirty-first.”
The sale-day in the parish of West Feliciana was the first Saturday of each month. The first Saturday in February was the fifth day of the *1061 month; and, of course, there was not time to advertise for that day: •the first Saturday in March was the fourth day of that month, which was a legal holiday, a dies non, by express statute : so that the sale could mot have been made on that day. Act of 1871, p. 61. The sale was made on the first Saturday, which was the first day of April.
This suit was brought on the 21th of February, 1876, to recover of Mann the amount of the two mortgage notes, $5000, with eight per cent interest from January 25,1871, less sundry credits set forth in the petition, on the ground that Mann had “failed to proceed to the summary -collection of said mortgage notes on or before the 25th January, 1876, ■according to said contract, and refuses to pay petitioner the balance.of her notes as he agreed and obligated himself to do, though amicably requested, and having been put in default.”
The answer sets out the facts, the obtaining of the order of seizure and sale on the 21th January, that no legal sale could have been made prior to the first Saturday in April, when it was made: that plaintiff suffered no damage or injury from the fact that the suit was instituted on -the 31st instead of the 25th January; that defendant’s counsel had doubt as to the sufficiency of the evidence on which the order of 21th January was granted, and for that reason sent to New Orleans for additional evidence, on which the date of the order was changed to 31st ■January; that the sale could not have taken place earlier than the 1st April on an order obtained at any time in January ; and that he has carried out strictly the spirit and intent of the contract.
In November an amended petition was filed in which it was charged that on the 1st April the property was adjudicated to Moses Mann and others for $8200 ; that at the sale Mann, Fischer and others, and Vincent D. Walsh were bidding for the property, when Mann persuaded and inRuenced Walsh not to bid, and as soon as the property was adjudicated to Mann and others they sold it, before leaving the place, under their agreement, to Walsh for $10,000.
That the illegal acts of Mann and others prevented fair competition -and sale as contemplated by law, through which Mann expected to defraud petitioner of one half the difference between his purchase, $8200, and the sale to Walsh for $10,000, amounting to $900 05.
The prayer is for judgment for the entire amount, as set forth in -the original petition.
Defendant answered by denial of each and’ every allegation in the amended petition contained. The judgment was in favor of plaintiff’s •transferees, McGehee, Snowden & Violet, for $5000, with interest, subject to sundry credits, as prayed for in the original petition ; and defendant appealed. Plaintiff, in answer, prays for damages for a frivolous appeal.
*1062 We agree with the district judge that Mann complied with his contract to proceed in a summary manner by the 25th January, 1876. He had the option to proceed or not before that time; he obligated himself to proceed by that time. He actually commenced the proceeding, by obtaining the judge’s order on the 21th January. If he had prosecuted the sale under that order, with all possible dispatch, it could not have been made before the first Saturday in April.
It appears from the testimony of Walsh that August Fischer, representing Mann, Fischer & Co., and Willis W. Forrester, who held one of the mortgage notes, concurrent with those pledged by Mrs. Richardson to Mann, Fischer & Co., were bidding on the property against Walsh. Walsh had made one or more bids, and had bid more than he intended when he left home. He asked the sheriff to suspend until he could have a talk with Fischer. Does not remember whether or not Mann was present at this conversation. He did not bid again on the property. Did not bid on the machinery, which was sold separately. After the sale, and before leaving the place, “I was induced, by the advice of Gov. Wickliffe, to buy the property. The inducements that persuaded me to purchase was the deferred payments, enabling me to meet them with the crops raised on the place. I purchased the property at $10,000, one half cash, and balance in one and two years.”
On cross-examination he says he considers $10,000 for the place, including the machinery, on the terms, half cash, balance in one and two years, a more reasonable price than his highest cash bid, which was between $6500 and $7000, for the place alone, without the machinery.
“Neither Moses Mann, nor August Fischer, nor Willis Forrester, nor Max Fifecher, nor any other person persuaded or induced witness to cease bidding on the place. Witness ceased bidding because he thought that Mr. August Fischer would give more for the property than witness would. Witness came to that conclusion from the conversation he had with Mr. Fischer. * * * * * * '* * * *
“Had no understanding with Mann, Max and August Fischer and Forrester in regard to bidding on the Island plantation, except that he told August Fischer that he would not bid any more than he had already bid ; that he had already bid more than ho expected, when he found out that the machinery would be sold separately.”
The testimony fails to show any illegal act, any thing that was in any respect improper on the part of Walsh, or the other parties bidding on the property. It is evident that he was influenced mainly by the advice of Gov. Wickliffe and Louis Sterling, old friends of his, as he states, to make the purchase; and he considered the terms at which he purchased better than his highest bid.
The district judge makes no reference in his reasons for judgment *1063 to the alleged illegal acts of Mann, with intent to defraud Mrs. Richards m ; nor do we think it necessary to sny more than that it is without support in the testimony adduced. The decision in favor of plaintiff is upon the sole ground that, in the transaction with Walsh, “ Mann was acting as the agent of Mrs. Richardson, and she is entitled to the benefit of said sale at §10,000.”
The legal title to the two notes pledged to Mann, Eischer & Co. was in them. They had the option to allow Mrs. Richardson their face value and interest, or to proceed on them by the 25th January, 1876. They elected to proceed, and they commenced the proceeding on the 24th of January. They were no more the agents of Mrs. Richardson, in provoking the sale of the mortgaged property, than they were of Willis Forrester, who held one of the series of notes secured by the same mortgage. Their object was to collect the debt due them by. Mrs. Richardson ; and their only obligation to her was to collect and give her tho benefit of her share and portion of the proceeds of the sale. If the amount thus realized on the two notes should exceed the amount of her indebtedness, for which they were pledged, she would be entitled to the excess. They did not buy the property as agents for Mrs. Richardson, nor did they soli it to Walsh as her agents. They purchased in their own right., as the highest bid iers ; and their obligation was to account for the proceeds. Their bid was §8200. Tho costs and taxes to be deducted were §935 70, leaving for distribution §7264 SO. Out of this the sheriff retained, by order of court, §500, to answer the demands of Rudman and Wagner, who claimed privileges on the machinery and implements, leaving for actual distribution to tho two mortgage creditors §6764 30.
The amount of Mrs. Richardson’s two notes was - - §5866 67
And the amouut due Forrester was.....- - 2933 33
Total mortgage debt --------- §8800 00
If the $500 retained by the sheriff should come into this distribution, Mrs. Richardson’s portion would be just double that of Forrester, §4S42 87. Or, if the §500 be deducted, her share would be §4509 54.
The amount due by Mrs. Richardson to Mann, Fischer & Go. up to the date of the sale was §4844 29. If her share of the proceeds be fixed at §4S42 87, the balance against her would be §1 42. If it be fixed at §4509 54, she would owe Mann, Fischer & O >. §134 75. In either case, Mrs. Richardson has.no just claim or cause of action against defendant; and she had none at the timo the suit was brought.
The judgment of the district court is therefore annulled, avoided, and reversed; and it is now ordered, adjudged, and decreed that the demand of plaintiff be rejected, and her suit be dismissed with costs in this court and in the district court.